UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY E. WHITE,
A/K/A KEVIN SHANNON,

       Petitioner,

vs.                           Case No. 3:07-cv-1071-J-12JRK

STATE OF FLORIDA, et al.,

       Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 19, 2007. Petitioner is challenging an October 16, 1992 (Duval County) conviction for burglary (case no. 92-4672-CFA), for which he was sentenced to twelve years of imprisonment. The Court takes judicial notice of the information regarding Petitioner's criminal history that is displayed on the Florida Department of Corrections website, which reflects that Petitioner was released from the custody of the Florida Department of Corrections on February 6, 2005. See http://www.dc.state.fl.us/InmateReleases. Furthermore, the website does not reflect that he is currently under any sort of supervised release.

Thus, it is clear that Petitioner is not "in custody" on his conviction in case no. 92-4672-CFA. Furthermore, Petitioner is not "in custody" on his conviction in case no. 92-4672-CFA merely because the conviction may have been used as a basis for enhancing another state sentence.  See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).

In the Petition, Petitioner states that he is currently incarcerated at Limestone Correctional Facility in Alabama.  Thus, the Petition could be read as a challenge to his Alabama sentence, if it was enhanced by the allegedly invalid conviction in case no. 92-4672-CFA.  Petitioner has not stated that the conviction in case no. 92-4672-CFA was used as a basis for enhancing his Alabama sentence.  If it was, he would be required to file a petition for writ of habeas corpus in the district in which he is incarcerated or the district in which he was convicted, after exhausting the remedies available to him in the Alabama state courts.

Thus, the Court will dismiss this case without prejudice to Petitioner's right to file a petition to challenge his Alabama sentence in the appropriate court.

Therefore, it is now

**ADJUDGED:**

1.   The Petition is **DISMISSED** without prejudice.

2.   The Clerk of the Court shall enter judgment dismissing the Petition and this case without prejudice.

2

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __5 TH__ day of __DECEMBER__, 2007.

Howell W. Melton

UNITED STATES DISTRICT JUDGE

ps 11/26
c:
Timothy E. White

3